IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEVEN DAVID OF AVER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JUSTIN JULIAN, et al.,<br><br>　　　　　　Defendants. | CV 18-133-M-DLC-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

**I. In Forma Pauperis Application**

Plaintiff Steven Aver, appearing pro se, filed an application requesting leave to proceed in forma pauperis. He submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Aver's application is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Aver's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

1

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal–
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Aver's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## **II. Background**

On May 21, 2018, Idaho State Police Trooper Brady Walker effected a traffic stop on Aver while Aver was driving in Idaho. Trooper Walker issued Aver two motor vehicle or traffic citations – one charges Aver with failing to wear a seatbelt, and the other charges him with failing to obtain a proper driver's license in Idaho. The two citations are presently being prosecuted in the District Court of the 1st Judicial District of the State of Idaho, in the County of Boundary.

Aver commenced this civil action challenging the legal authority of the Idaho officials and employees who are responsible for enforcing Idaho law and prosecuting the two citations issued to Aver. Specifically, the individuals that Aver identifies as Defendants in this action are the judge who is presiding over his traffic citations, Trooper Walker, the district court employees, the Idaho prosecuting attorneys, and the Boundary County Sheriff.

The gravamen of Aver's various requests for relief asserts that the State of Idaho lacks legal authority to prosecute him for the two citations that Trooper Walker issued to him. He requests this court issue declaratory relief establishing that the Idaho laws on which the citations are based are invalid, and that the Defendants have no lawful authority to prosecute him. He also requests injunctive relief prohibiting the State of Idaho from further pursuing the prosecution of the two citations against him.

## III. Discussion

Because Aver is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Setting aside issues of whether venue for this action is proper in the District of Montana, the Court finds that Aver's pleading, on its face, at least asserts that the Court's jurisdiction over this case is predicated upon federal question jurisdiction as provided by 28 U.S.C. § 1331. But under the circumstances of Aver's allegations, the nature of his claims are such that the Court must abstain from exercising that jurisdiction because his allegations establish that the district court proceedings against Aver in Boundary County, Idaho are currently pending and ongoing.

There is a strong policy against federal intervention in pending state judicial processes in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).[1] *See also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (quoting *Middlesex County Ethics Committee v. Garden State Bar*

---

[1] Federal courts may raise the issue of *Younger* abstention sua sponte. *See Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976) and *The San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

*Association*, 457 U.S. 423, 431 (1982)). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). Specifically, *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings. *Gilbertson*, at 381 F.3d at 968.

The Ninth Circuit has concluded that the federal courts must abstain under *Younger* if the following four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*City of San Jose*, 546 F.3d at 1092 (citing *Gilbertson*, 381 F.3d at 978, and *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)).

Aver's allegations establish that all of the elements of *Younger* abstention are present in this case. Aver's allegations clearly establish that the prosecution of the two citations are still ongoing in Idaho. Most recently, Aver states that a warrant for his arrest was issued on July 16, 2018.

The State of Idaho has a significant state interest in enforcing its seat belt and driver's license laws within the State of Idaho. And this Court should not interfere with those interests when those state proceedings are ongoing.

The Court finds Aver will have an opportunity to raise all of the federal constitutional issues asserted in this case during the course of the prosecution of his citations in the courts of the State of Idaho.

Finally, legal proceedings and rulings in this case would adversely and inappropriately impact proceedings in the Idaho district court as Aver requests this Court enjoin the Idaho district court from proceeding any further relative to the traffic citations. Thus, this case would interfere with the Idaho state court proceedings in a way that *Younger* disapproves.

Where applicable, *Younger* abstention is mandatory. Absent exceptional circumstances, the district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id*. (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). The Court finds no circumstances exist in this case which would warrant

application of the referenced exception to abstention. Therefore, Aver's pleading is subject to dismissal pursuant to the *Younger* abstention doctrine.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)); *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008). But here, Aver's allegations clearly invoke the abstention doctrine. Therefore, it is unnecessary to give Aver an opportunity to amend his pleading.

## IV. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that Aver's complaint be DISMISSED pursuant to *Younger*.

DATED this 20th day of July, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge