IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
AUG 21 2018
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| STEVEN DAVID OF AVER,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN JULIAN, et al.,<br><br>Defendants. | CV 18–133–M–DLC<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on July 20, 2018, recommending that this matter be dismissed pursuant to the Abstention Doctrine. (Doc. 5 at 7.) Plaintiff Steven David of Aver timely filed an objection on July 30, 2018. (Doc. 6) Consequently, Plaintiff is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

-1-

"A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference." *Id.* Congress created magistrate judges to provide district judges "additional assistance in dealing with a caseload that was increasing far more rapidly than the number of judgeships." *Thomas*, 474 U.S. at 153. There is no benefit to the judiciary "if the district court[] is required to review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Montana Shooting Sports Ass'n*, 2010 WL 4102940, at *2 (internal quotation marks and citation omitted). In short, an objection to a magistrate's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Id.*

Referencing a litany of antiquated and discrete law, Plaintiff seeks declaratory relief establishing that the laws of Idaho are invalid and that he may

-2-

not be prosecuted for violating them on May 21, 2018, when he was cited for failing to wear a seatbelt and failing to obtain a proper driver's license. Judge Lynch conducted a preliminary screening of the allegations set forth in Plaintiff's pleading pursuant to 28 U.S.C. § 1915. Finding that the prosecution of the two citations is still ongoing in Idaho, and that a warrant was issued for Plaintiff's arrest on July 16, 2018, Judge Lynch determined that the Abstention Doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971) required dismissal of Plaintiff's Complaint. (Doc. 5 at 4–7.) Judge Lynch further concluded that Plaintiff had made no showing of the exceptional circumstances which could support excepting his case from the requirements of the Abstention Doctrine. (Doc. 5 at 6–7.) This Court agrees with the findings and conclusions of Judge Lynch.

Plaintiff's objection failed to heed the latter conclusion regarding the exceptions to the Abstention Doctrine. Instead, Plaintiff, after rehashing all of the convoluted arguments and irrelevant facts contained in his Complaint at length, alleges that "[n]owhere does Magistrate Lynch cite any exceptions to Younger, supra., a clear indication that he is not only biased but also seemingly taking the position of representation for the defendants, which is highly unethical." (Doc. 6 at 11.) Plaintiff then alleges that his case falls under the bad faith and

-3-

extraordinary circumstances exceptions to application of the Abstention Doctrine and that an evidentiary hearing is required. (*Id.* at 11–13.) However, Plaintiff fails to present any law or fact that has not already been provided, weighed, and rejected by Judge Lynch during his preliminary screening of Plaintiff's claims. Having failed to properly object to any of Judge Lynch's Findings and Recommendations, this Court reviews the record for clear error. L.R. 72.3(a).

Contrary to Plaintiff's assertion, Judge Lynch noted the exceptions to the Abstention Doctrine and soundly found that none applied. (Doc. 5 at 6–7.) Merely describing all actions allegedly taken by Defendants' as being done "in bad faith" is insufficient to establish a factual dispute regarding the issue, particularly when bad faith is alleged as indiscriminately and trivially as in Plaintiff's objection. Further, there is no factual dispute meriting an evidentiary hearing regarding the extraordinary circumstances exception. Plaintiff's circumstances fall drastically short of extraordinary, despite his obstinate claims to the contrary.

Reviewing for clear error and finding none, Judge Lynch's Findings and Recommendations will be adopted in full. Before concluding, it is worth noting that Plaintiff has filed an Amended Complaint since the issuance of Judge Lynch's Findings and Recommendations. However, because Plaintiff's Amended Complaint (Doc. 8) suffers from the same fatal deficiency identified in Judge

-4-

Lynch's Findings and Recommendations, Plaintiff's Amended Complaint does not change the outcome of this proceeding. Accordingly,

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 5) are ADOPTED IN FULL. Plaintiff's Amended Complaint is DISMISSED pursuant to *Younger*.

IT IS FURTHER ORDERED that Plaintiff's Motion for Interim Relief (Doc. 7) and Motion for Preliminary Injunction (Doc. 10) are DENIED AS MOOT.

DATED this 21st day of August, 2018.

Dana L. Christensen, Chief Judge
United States District Court